Filed 7/2/26  P. v. Razon CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086002 |
| v. | (Super.Ct.No. ICR17621) |
| DWAYNE BERNARD RAZON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.

Appeal dismissed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Dwayne Bernard Razon appeals from the order of the Riverside County Superior Court denying his fourth Penal Code section 1172.6 motion for resentencing.[1]  We will dismiss his appeal.

BACKGROUND

In 1995, a jury found defendant guilty of several offenses, including murder (§ 187).  In 1996, the trial court sentenced him to a prison term of 15 years to life.

Defendant appealed his conviction to this court.  (*People v. Razon* (Feb. 26, 1998, E018625) [nonpub. opn.].)  He raised several arguments, including insufficiency of the evidence to support the jury's conclusion that he committed provocative act murder. (*Ibid.*)  We corrected an error in the abstract of judgment and affirmed the judgment in all other respects.  (*Ibid.*)

On January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) became effective.  (Stats. 2018, ch. 1015.)  That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony-murder rule in cases of first and second degree murder and eliminated the natural and probable consequences liability for murder.  (Stats. 2018, ch. 1015, § 1.)  The bill also added section 1172.6, which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief.[2]

_____

[1] All further statutory references are to the Penal Code.

[2] Section 1172.6 was originally designated as section 1170.95 but was renumbered without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).

In February 2021, after the trial court denied  defendant's handwritten request for resentencing "under [Senate Bill No.] 1437" he filed a form 1172.6 petition seeking resentencing relief.  The trial court denied the new petition based on (i) the fact that neither felony murder nor natural and probable consequences instructions had been given, and (ii) a petition for review had been denied in a case cited by the People that held Senate Bill No. 1437 does not apply to provocative act murder (*People v. Johnson* (2020) 57 Cal.App.5th 257, review denied Feb. 17, 2021, S266188)  We affirmed the denial in *People v. Razon* (Aug. 26, 2021, E077085) [nonpub. opn.].

When defendant filed another section 1172.6 petition in January 2022, the trial court denied it with prejudice and we affirmed in *People v. Razon* (Nov. 17, 2022, E079106) [nonpub. opn.].

In February 2025, defendant again filed a petition for section 1172.6 resentencing relief and, in April, the trial court again found him ineligible for relief.  Defendant appealed and we appointed counsel to represent him.

DISCUSSION

Defendant's appointed appellate counsel has filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication.  Counsel notes we have discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216, 232, to conduct an independent review of the record on appeal.

We notified defendant that his counsel had filed a brief stating counsel had not found an arguable issue, that this court is not required to conduct an independent review

3

of the record but it may exercise its discretion to do so, and we invited him to file any arguments he deemed necessary.  Defendant did not file a brief.

Neither defendant nor his counsel have presented an issue and, upon our review of the record, we do not find any error.  Accordingly, we dismiss defendant's appeal.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

FIELDS
J.

4